# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

    v.                          **ORDER**
                                  Criminal No. 12-113 ADM/FLN

Lewis Pate,

        Defendant.

_____

Jeffrey S. Paulsen, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Douglas Olson, Esq., Office of the Federal Defender, Minneapolis, MN, on behalf of Defendant.

_____

      This matter is before the undersigned United States District Judge for consideration of Defendant Lewis Pate's ("Pate") Objection [Docket No. 44] to Magistrate Judge Franklin L. Noel's July 19, 2012 Report and Recommendation (the "R&R") [Docket No. 38].  Judge Noel's R&R recommends denying Pate's Motion to Suppress Evidence Obtained as a Result of Search and Seizure, [Docket No. 24], Pate's Motion to Suppress Eyewitness Identifications [Docket No. 25], and Pate's Motion to Suppress Statements, Admissions, and Answers [Docket No. 26]. Based on a de novo review of the record, Pate's Objection is overruled, the R&R is adopted, and Pate's motions are denied.

      Judge Noel's recitation of the factual background of this case is thorough and will not be repeated here, but rather is incorporated by reference.  Pate challenges the validity of the search warrant in this case and seeks to suppress physical evidence obtained from that warrant.  A defendant seeking to suppress evidence on the basis of a Fourth Amendment violation must have standing to do so.  See Rakas v. Illinois, 439 U.S. 128, 134 (1978) ("A person who is aggrieved

by an illegal search and seizure only through the introduction of damaging evidence secured by a search of of a third person's premises or property has not had any of his Fourth Amendment rights infringed."). Standing requires a person have a "reasonable expectation of privacy" in the place searched. United States v. Randolph, 628 F.3d 1022, 1026 (8th Cir. 2011). After a de novo review of the record, the Court agrees with Judge Noel that Pate did not have a reasonable expectation of privacy in the home subject to the search warrant. In the words of Judge Noel, "[Pate] has not shown . . . even that he was present with the homeowner or occupant's permission." R&R at 5–6.

Pate also argues the threat of releasing a police dog into the home where he was located was an unlawful search and seizure. Pate has no authority for this proposition. Nevertheless, even if it was a search, Pate does not have standing to challenge it, as discussed above. Furthermore, even if he did have standing, any search was justified by exigent circumstances given that police dogs tracking the male suspect led police to the house and an eyewitness placed a male suspect in the home, yet the occupants stated no male was present. See United States v. Spotted Elk, 548 F.3d 641, 651 (8th Cir. 2008) (holding police may enter home without warrant if they reasonably believe person within is in need of aid and police may conduct a protective sweep of the home if they reasonably believe someone dangerous might be in the house). Similarly, the seizure of Pate was constitutional. Police had probable cause to arrest Pate, a witness and police dog placed the suspect in the house, Pate matched the description of the suspect, and he voluntarily admitted to being involved in the shootout.

Finally, Pate argues his identification by an eyewitness was the result of procedures that were unduly suggestive and unreliable. After a de novo review, the identification was

sufficiently reliable.  Reliability is determined by the totality of the circumstances and depends

on factors such as the opportunity of the witness to view the criminal at the time of the crime, the

witness' degree of attention, the accuracy of the witness' prior description, the level of certainty

of the witness, and the length of time between the crime and confrontation.  Neil v. Biggers, 409

U.S. 188, 199 (1972).  Here, the witness was able to directly view the shooter's face in broad

daylight, Pate matched the height and build of the witness' description, a short interval of time

had elapsed between the crime and identification, and the witness was able to note a discrepancy

between his prior clothing description and the suspect's clothing at the time of the identification.

The identification was sufficiently reliable and is admissible.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Pate's Objection to Report and Recommendation [Docket No. 44] is **OVERRULED**;

2. The Report and Recommendation [Docket No. 38] is **ADOPTED**; and

3. Pate's Motion to Suppress Evidence Obtained as a Result of Search and Seizure,

[Docket No. 24], Motion to Suppress Eyewitness Identifications [Docket No. 25], and Motion to

Suppress Statements, Admissions, and Answers [Docket No. 26] are all **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 3, 2012.