UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-113(ADM/FLN)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) POSITION OF THE UNITED STATES |
| v. | ) WITH RESPECT TO SENTENCING |
| LEWIS PATE, | ) |
| Defendant. | ) |

The probation officer has correctly calculated the guideline range to be Level 34 (Armed Career Criminal)/Criminal History Category VI = 262-327 months. As shown below, a sentence within this range is fully justified given the nature of the offense, the defendant's lengthy criminal history, and his obvious incorrigibility.

I.   PATE IS PROPERLY CLASSIFIED AS AN ARMED CAREER CRIMINAL

Pate is properly classified as an Armed Career Criminal because he has convictions for three or more prior crimes of violence. The presentence report identifies the three relevant crimes of violence as the defendant's 2007 conviction for fleeing a police officer in a motor vehicle (PSR ¶ 32), his 2008 conviction for fleeing a police office in a motor vehicle (PSR ¶ 33), and his 2010 conviction for second degree aggravated robbery. (PSR ¶ 34).

In his letter to the probation officer, defense counsel argued that the two convictions for fleeing a police officer in a motor vehicle are not crimes of violence and should not be counted as predicates under the Armed Career Criminal Act (ACCA). However,

both the Supreme Court and the Eighth Circuit have held to the contrary. Sykes v. United States, 131 S.Ct. 2267, 2277 (2011); United States v. Bartel, 698 F.3d 658, 662 (8th Cir. 2012). Bartel involved the same Minnesota statute regarding fleeing a police officer in a motor vehicle as Pate was convicted of in 2007 and 2008.

In addition, although not identified as such in the PSR, (PSR ¶ 30) the defendant's 2008 conviction for third degree burglary of a tobacco store also counts as an ACCA predicate. United States v. Haas, 623 F.3d 1214, 1220, note 6 (8th Cir. 2010); United States v. Bell, 445 F.3d 1086, 1088 (8th Cir. 2006) (citing cases).

II. THE ENHANCEMENT FOR POSSESSION OF THE GUN IN CONNECTION WITH A CRIME OF VIOLENCE IS APPLICABLE

In an Armed Career Criminal case, the guidelines provide for an enhancement when the defendant "used or possessed the firearm . . . in connection with either a crime of violence . . . or a controlled substance offense." U.S.S.G. § 4B1.4(b)(3)(A). The base offense level becomes 34 rather than 33. Id.

The enhancement applies here because the defendant possessed the firearm in connection with a shootout on the street just prior to his arrest. The government's first witness at trial described this shootout. He testified that all three participants had guns and that multiple shots were fired. The defendant was arrested hiding in a house just a couple of blocks away from the crime scene within minutes after the shooting. His gun, a revolver, was found

hidden in a clothes hamper in the bathroom. Two rounds were missing from the six-shot cylinder. In a post-arrest statement, the defendant admitted he had just been involved in a shooting incident, but claimed he did not have a gun on him at the time. The defendant's denial that he was armed is not credible given the eyewitness's testimony.

Moreover, in a recorded jail call, the defendant's girlfriend, Fabre White, who was at the house when Pate was arrested, slipped up and blurted out the following:

> WHITE:  Oh yeah, dude, umm, that you was shootin' at, I guess he ran to the police and told the police that you was shootin' at him, that's how you got indicted.

Government's Exhibit 14a at 1 (copy attached).[1] Although Pate immediately "corrected" her about who was shooting at whom, the cat already was out of the bag. Pate then told White that they should not be discussing such matters on the recorded jail phone. Id. at 2.

### III. A SENTENCE WITHIN THE GUIDELINE RANGE IS WARRANTED

A sentence within the guideline range is warranted based on the defendant's lengthy criminal history and obvious incorrigibility. He started committing felony offenses at age 14 and has committed them on a regular basis ever since. Although he in only 24 years old, he already has amassed nine felony

---

[1] This transcript and accompanying audio recording were marked as exhibits at trial, but were not received.

convictions plus eight misdemeanor convictions. His felonies have increased in severity as he has grown older. He started off committing criminal damage to property, went on to stealing other people's property and fleeing the police in motor vehicles, and, at age 22, graduated to aggravated robbery. Now he has been convicted of being an Armed Career Criminal in an incident that involved him attempting to kill another human being.

There is no reason to believe that Pate will ever change his ways. He is a young, but hardened criminal who has never held a legitimate job but instead has embraced criminal activity as a way of life. The mandatory minimum penalty is 15 years, but a longer sentence within the guideline range of 262-327 months is necessary to protect the public from this veritable one-man crime wave.

Dated: 11/29/12

Respectfully submitted,

B. TODD JONES
United States Attorney

*Jeffrey S. Paulsen*

BY: JEFFREY S. PAULSEN
Assistant U.S. Attorney
Attorney ID No. 144332